UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MANZO and CHRISTINA HODGE, individually and on behalf of their minor daughter A.H.; and JAEYDEN HODGE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>WEST ADA SCHOOL DISTRICT, a political subdivision; COUNTY OF ADA, a political subdivision; and DR. DEREK BUB, Superintendent of West Ada School District,<br><br>Defendants. | Case No. 1:24-cv-00624-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

On December 27, 2024, Plaintiffs Manzo and Christina Hodge, individually and on behalf of their minor child, A.H., and Jaeyden Hodge ("Jaeyden"), (collectively, the "Plaintiffs") filed their Motion to Seal. (Dkt. 3). For the reasons below, the Court denies the motion.

## I.   BACKGROUND

On December 23, 2024, Plaintiffs filed their initial complaint against West Ada School District; Ada County; the Superintendent of West Ada School District; the Assistant Principal of Eagle High School; and two teachers at Eagle High School. (Dkt. 1). Plaintiffs A.H. and Jaeyden are black, and both attended Eagle High School in Ada County, Idaho. (Dkt. 4 at p. 3). Plaintiffs' initial complaint alleged Defendants subjected Plaintiffs to racial harassment, discrimination, and bullying, citing Title VI of the Civil Rights Act of 1965 (42 U.S.C. § 2000d); 42 U.S.C. § 1981;

42 U.S.C. § 1983; 20 U.S.C. § 1681; and state law torts, among other allegations. (Dkt. 1). On December 27, Plaintiffs filed both an amended complaint and a motion to seal. (Dkts. 3, 4). Among other changes, Plaintiffs' amended complaint removed three previously named defendants: the assistant principal of Eagle High School and two teachers at Eagle High School. (Dkt. 4). In their motion to seal, Plaintiffs seek to seal their initial complaint and the summons. (Dkts. 1, 2). In support, they explain that "the original complaint and summons included allegations and named individual defendants that Plaintiffs have since determined to remove to streamline the case and ensure alignment with the claims." (Dkt. 3-1 at p. 2). Plaintiffs argue that "[c]ontinued public access to the original complaint may create confusion and unnecessary prejudice to individuals no longer part of this action." (*Id.*).

## II.  LEGAL STANDARD

Throughout the history of the federal judiciary, courts have maintained a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). The party seeking to seal a judicial record bears the burden of rebutting this presumption; the party must show "compelling reasons" that specific facts outweigh the "general history of access and the public policies favoring disclosure." *Id.* at 1178-79. These "compelling reasons" must be based on "articulable facts known to the court" and not on "unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Conclusory statements are insufficient, especially when the document at issue has already been made public. *See Oliner*

*v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) ("The only reasons provided for sealing the records—to avoid embarrassment or annoyance . . . are not 'compelling,' particularly because the proceedings had been a matter of public record.").

### III.     ANALYSIS

Plaintiffs do not provide a compelling reason to justify sealing their initial complaint and summons. Plaintiffs filed an amended complaint days after their initial complaint. Plaintiffs argue that the Court should seal their initial complaint and summons because "[c]ontinued public access to the original complaint may create confusion and unnecessary prejudice" to those previously named defendants. (Dkt. 3-1 at p. 2). This argument is speculative. Amending to remove or add parties early in litigation is not rare, and Plaintiffs' case is not an exception. Any party may amend an initial complaint as a matter of course within twenty-one days of serving it, which Plaintiffs did here. *See* Fed. R. Civ. P. 15(a). "Confusion" to previously named defendants, without more, is not a compelling reason to withhold a document from the public. Likewise, the Plaintiffs' vague reference to "prejudice" does not overcome the general history of access and public policies favoring disclosure. If there is some compelling reason why a previously public complaint now deserves to be sealed, Plaintiffs do not provide one. The Court therefore denies Plaintiffs' motion to seal.

### IV.     ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Seal (Dkt. 3) is **DENIED**.

DATED: January 10, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**